**In re AZRA INVESTMENT CORP., Debtor.**

**Fidelity National Title Insurance Company, Plaintiff,**

**v.**

**Salim S. Rana, an individual; et al., Defendants.**

**Bankruptcy No. BK–S–02–18301–VJ. Adversary No. 02–1353–VJ.**

United States Bankruptcy Court, D. Nevada.

March 26, 2004.

Brian G. Dvorak, Henderson, NV, Kenneth G. Frizzell, Las Vegas, NV, for Debtor.

Barry H. Jenkins, Las Vegas, NV, for U.S. Trustee.

Douglas D. Gerrard, Ronald L. Warren, Las Vegas, NV, for Plaintiff.

Richard McKnight, Las Vegas, NV, for Defendant.

## MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE JUDGMENT AGAINST NAVONE

LESLIE TCHAIKOVSKY, Bankruptcy Judge.

Judgment debtor Gregory J. Navone ("Navone") moves to set aside a judgment entered against him by the above-captioned court after a trial in which he did not participate. Among other things, Navone contends that the bankruptcy court did not have subject matter jurisdiction to enter the judgment. For the reasons stated below, the Court concludes that the bankruptcy court did not have subject matter to grant the judgment and that the motion should be granted. For the same reason, the Court will also vacate the judgment against Rana Investments and Rana and will remand the action to state court. Because the latter relief is granted sua sponte, the Court will stay its order 30 days to permit Fidelity to file a motion for reconsideration.

## SUMMARY OF FACTS

On June 20, 2002 Fidelity National Title Insurance Co. ("Fidelity") filed a complaint in state court, thereby commencing this action (the "Action"). The caption of the complaint lists Azra Investment Corporation ("Azra Investment") as one of the defendants. However, the body of the complaint contains no allegations against Azra Investment. Instead, it contains allegations against another corporation, Azra Zafar, Inc. ("Azra Zafar"), which was not listed as a defendant in the caption.[1]

---

1. One of the other individual defendants, Salim S. Rana ("Rana") is the principal of Azra Investments, Azra Zafar, and Rana Investment.

The complaint alleges as follows: On September 18, 2000 Charles H. Buckingham ("Buckingham") loaned $100,000 (the "Loan Obligation") to Rana Investments Corporation ("Rana Investments"). The Loan Obligation was evidenced by two $50,000.00 promissory notes (the "Notes") signed by Rana Investments. Rana and Navone signed the Notes as guarantors of the Loan Obligation (the "Guaranties"). Rana Investments also executed a deed of trust (the "Deed of Trust") purporting to secure the Loan Obligation by encumbering real property described as APN 140–29–212–002 (formerly APN 140–29–202–008) (the "Described Property"). The Described Property had previously been owned by Rana Investments. However, Rana Investments transferred the Described Property to Azra Zafar several months before it executed the Deed of Trust.[2]

The Loan Obligation went into default on or about September 18, 2001. On or about June 12, 2002, Buckingham sold the Notes and assigned the Deed of Trust to Fidelity. As noted above, Fidelity filed a complaint in state court on June 20, 2002, thereby commencing the Action. Azra Investments filed this chapter 11 bankruptcy case on July 23, 2002. On October 21, 2002, Fidelity filed a notice of removal of the Action to the bankruptcy court, contending that the Action was a proceeding related to Azra Investment's bankruptcy case.[3]

The complaint contained seven causes of action. The first and second causes of action were for a constructive trust: i.e., on the loan proceeds and the Described Property, respectively. The third and fourth causes of action were for breach of contract with respect to the Notes. The third cause of action alleged the failure to pay the Loan Obligation as the breach. This cause of action was apparently intended to include a claim on the Guaranties.[4] The fourth cause of action alleged the failure to provide the promised security for the Loan Obligation as the breach. The fifth cause of action was for fraudulent misrepresentation, the sixth cause of action was for negligent misrepresentation, and the seventh cause of action was for breach of the implied covenant of good faith and fair dealing.

The Action was tried to the court on June 5, 2003, the Honorable Judge Robert C. Jones presiding. None of the defendants appeared at the trial. Shortly before the commencement of the trial, Fidelity dismissed all the causes of action except the third cause of action, for breach of the Loan Obligations and on the Guaranties. At the conclusion of the trial, the court granted judgment for Fidelity against Rana Investment, Rana, and Navone.

---

2. The motion to set aside the judgment contends that the description of the Property in the Deed of Trust that was not then owned by the entity executing the Deed of Trust was an inadvertent error caused by the escrow company. The motion contends that it was intended that the Deed of Trust contain a description of real property designated as APN 140–29–212–003 (the "Intended Property"), which was then owned by Rana Investments.

3. The case was converted to a chapter 7 case on November 7, 2002. On October 21, 2003, the Trustee filed a report of no assets. At the time the case was converted to chapter 7, it still contained a parcel of real property (the "Estate Property"), albeit not either the Described or Intended Property. However, the Estate Property was subsequently lost to foreclosure.

4. Rana and Navone did not sign a guaranty document separate from the Notes. They simply signed on the Notes as guarantors.

## DISCUSSION

■ In his motion, Navone contends, among other things, that the bankruptcy court had no subject matter jurisdiction over the causes of action alleged in the complaint. Navone contends that none of the causes of action alleged by the complaint qualify as related proceedings under 28 U.S.C. § 1334(b) as construed by *In re Fietz*, 852 F.2d 455, 456 (9th Cir.1988). Under *Fietz*, the bankruptcy court has subject matter jurisdiction over a civil proceeding only if its outcome could have a conceivable effect on the bankruptcy estate. *Id.*

Navone contends that, both when the Action was removed to the bankruptcy court and at the time of trial, the outcome of the causes of action asserted in the complaint could have no conceivable effect on the above-captioned bankruptcy estate. Azra Investments is not an obligor or a guarantor of the Loan Obligation, and neither the Described Property nor the Intended Property was ever owned by Azra Investments. Moreover, as noted above, the body of the complaint contains no allegations with respect to Azra Investments.

■ The bankruptcy court's subject matter jurisdiction is tested as of the filing of the complaint. *Fietz*, at 457. Therefore, the Court would deny Navone's motion to set aside the judgment against him if any of the claims originally alleged in the complaint but dismissed prior to trial could have had a conceivable effect on the estate. The Court perceives no such conceivable effect that either the third cause of action, upon which the judgment was based, or the dismissed claims could have had on the estate.

In an attempt to muddy the waters, in its opposition, Fidelity contends that Azra Investments, Azra Zafar, and Rana Investments were the alter egos of Rana. Fidelity contends that this alter ego theory was alleged in the complaint although it admits that there is no mention of this theory in the findings of fact and conclusions of law supporting the judgment. Fidelity is incorrect. Paragraph 18 of the complaint alleges that defendants Rana, Rana Corp. and Azar [sic] should be considered the alter egos of defendant Rana. However, Azra is a defined term: i.e., shorthand for Azra Zafar, Inc., not for Azra Investments. As noted above, the only reference to Azra Investments is contained in the caption of the complaint.

Finally, Fidelity contends that, even if the complaint contains no allegations directed against Azra Investment, the outcome of the cause of action against Navone could conceivably affect Azra Investment's bankruptcy estate. Fidelity reasons that, if Navone were required to satisfy a judgment on the Guaranties, he might assert a claim for indemnity against Azra Investment. The Court is unpersuaded. Since Azra Investment is neither an obligor on the Notes nor an owner of either the Described Property or the Intended Property, there would not appear to be any basis for an indemnification claim by Navone.

For the reasons stated above, the Court concludes that the court lacked subject matter jurisdiction to enter a judgment against any of the defendants, including Navone, in the Action. The Court will vacate the judgment in its entirety and will remand the Action back to the state court. Because the order vacating the judgment with respect to Rana Investments and Rana is being issued sua sponte, the Court will stay its order 30 days to give Fidelity an opportunity to file and schedule for hearing a motion for reconsideration with respect to this aspect of the decision. The Court directs counsel for Navone to submit a proposed order granting the motion, vacating the judgment in its entirety (with a 30 day stay), and remanding the Action

back to state court. The proposed form of order should be served on counsel for Fidelity.